UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP POND,<br><br>Defendant. | 5:24-CR-50009-KES-02<br><br>REPORT AND RECOMMENDATION |

Phillip Pond submitted a "pro se motion challenging faulty charging provisions/ defective indictment." (Doc. 89, p.1). Pond "seeks dismissal of the Indictment filed against him, as it is duplicitous, improper, and thereby defective as it is unjustifiable in its unfairness." Id. Pond does not assert which Count he believes is duplicitous nor what prejudice the alleged duplicity causes him. The United States opposes Pond's motion finding his indictment not to be duplicitous, because he was "charged with two offenses in two separate counts." (Doc. 101, p.1).

Pond is charged in Count I of the Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)). (Doc. 1). The essential elements of the offense are as follows:

> 1) the Defendant and another person reached an agreement or came to an understanding to distribute a mixture or substance containing a detectable amount of meth; 2) the Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; 3) at the time the Defendant

1

> joined in the agreement or understanding, the Defendant knew the purpose of the agreement or understanding.

See e.g., Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf (last visited Mar. 8, 2024), pp. 608, 637 (2023).

Count 2 of the Indictment charges Pond with Distribution of a Controlled Substance to an Individual under 21 in violation of (21 U.S.C. §§ 841(a)(1) and 859(a)). (Doc. 1). The essential elements of the offense are as follows:

> 1) The Defendant knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance, to another; 2) At the time of the distribution, the Defendant knew that methamphetamine was a controlled substance; 3) At the time of the distribution the Defendant was least 18 years old; and 4) At the time of the distribution, the person who ingested substance had not attained the age of 21.

See e.g., United States v. White Plume, 5:23-cr-50025-KES-1, Docket 80 at pp. 17-18 (providing jury instructions for Distribution of a Controlled Substance to an Individual under 21).

"Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count." United States v. Pietrantonio, 637 F.3d 865, 869 (8th Cir. 2011). "'Duplicity' is the joining in a single count of two or more distinct and separate offenses." United States v. Paul, 885 F.3d 1099 (8th Cir. 2018) (quoting United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997). "The problem with a duplicitous indictment is that 'the jury may convict

a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense.'" Id. (quoting United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994)). Regardless, the risk in a duplicitous count "may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." Pietrantonio, 637 F.3d at 869 (citing Nattier, 127 F.3d at 657); see also United States v. Yielding, 657 F.3d 688, 702-03 (8th Cir. 2011).

Assuming *arguendo* that the Counts are duplicitous, dismissal of the Counts is not the appropriate remedy. See Karam, 37 F.3d at 1286. Rather, an instruction from the court that the jury must, in each Count, unanimously find Pond guilty of at least one distinct act. See United States v. Chen, 2023 WL 3719467 (D.M.N. March 9, 2023).

For the aforementioned reasons, it is respectfully recommended that Pond's motion (Doc. 89) be denied.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 8th day of March, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge