UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP POND,<br><br>Defendant. | 5:24-CR-50009-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

Defendant, Phillip Pond, filed a *pro se* motion to dismiss the Indictment, alleging it is duplicitous and violates his procedural due process rights. Docket 89. The United States opposes the motion. Docket 101. Pond's motion was referred to United States Magistrate Daneta Wollmann for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wollmann issued a report recommending Pond's motion be denied (Docket 107), to which Pond timely objected (Docket 114). After reviewing all of the parties' submissions, the court adopts Magistrate Judge Wollmann's report and recommendation in full and addresses the issues Pond raises in his objections.

**STANDARD OF REVIEW**

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's

1

recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Because motions to dismiss an indictment are considered dispositive matters, objections to a magistrate judge's recommendation regarding such a motion are subject to de novo review. 28 U.S.C. § 636(b)(1). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

The government charged Pond in a two-count indictment, alleging conspiracy to distribute a controlled substance in Count 1 and distribution of a controlled substance to an individual under age 21 in Count 2. *See* Docket 1 at 1–2. Pond objects to Magistrate Judge Wollmann's finding that Count 1 of the Indictment is not duplicitous. Docket 114 at 5–9. Pond also objects and claims that Count 2 of the Indictment is multiplicitous. *Id.* at 8. The court furthermore construes Pond's continued request for dismissal as an objection to Magistrate Judge Wollmann's finding that even if the Indictment were duplicitous, the appropriate remedy is not dismissal, but an instruction requiring the jury to "unanimously find Pond guilty of at least one distinct act" as to each count in order to convict. Docket 107 at 3; Docket 114 at 10.

The Eighth Circuit explained the law on duplicitous indictments as follows:

> Federal Rule of Criminal Procedure 8(a) provides that the government may charge two or more connected offenses in the

2

> same indictment, as long as each is charged in a separate count. "Duplicity," meaning that two or more distinct and separate offenses are joined in a single count, is problematic because it might lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense.

*United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011). A multiplicitous indictment, on the other hand, presents the opposite problem, and arises "when [the indictment] charges a single offense in multiple counts; such an indictment is improper because it can lead to the imposition of multiple punishments for the same crime, violating the double jeopardy clause of the fifth amendment." *See United States v. Jones*, 403 F.3d 604, 606 (8th Cir. 2005).

Count 1 charges Pond with conspiracy to distribute a controlled substance. Docket 1 at 1–2. The elements of that offense are "(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *United States v. Davis*, 867 F.3d 1021, 1033 (8th Cir. 2017); (quoting *United Staes v. Taylor*, 813 F.3d 1139, 1146–47 (8th Cir. 2016)).

Count 2 charges Pond with distribution of a controlled substance to an individual under 21 years old. Docket 1 at 2. The elements of that offense are that: (1) the defendant knowingly and intentionally distributed a controlled substance to another; (2) at the time of the distribution, the defendant knew it was a controlled substance; (3) at the time of the distribution the defendant was at least 18 years old; and 4) at the time of the distribution, the person who the substance was distributed to had not attained the age of 21 years. *See*

3

Primary Jury Instructions as to Gabriel White Plume at 17–18, *United States v. White Plume*, 5:23-cr-50025-KES-1 (July 27, 2023).

Pond argues that because the Indictment alleges in Count 1 that he conspired to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), it is duplicitous. *See* Docket 114 at 8. But § 841(b)(1)(A) is merely the subsection that specifies the penalties applicable for violations of § 841(a)(1), and not a separate offense. Thus, the government has properly charged Pond with a single offense in Count 1 of the Indictment. Even if the indictment were duplicitous, it could nonetheless "be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *Pietrantonio*, 637 F.3d at 869.

Pond also contends that Counts 1 and 2 are multiplicitous with one another because a violation of § 841(a)(1) is also included in Count 1. But "the government may charge two or more connected offenses in the same indictment, as long as each is charged in a separate count." *See Pietrantonio*, 637 F.3d at 869. Where both offenses arise out of a single factual occurrence, "they are the same offense in law and fact and thus are multiplicitous with each other." *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005). Here, the charge of conspiracy to distribute a controlled substance is not likely to arise out of the same single factual occurrence as the charge of distribution to an individual under 18, even though the facts underpinning the two charges may be related. Thus, Counts 1 and 2 of the Indictment are not multiplicitous to one another.

## CONCLUSION

The indictment properly charges Pond with two distinct offenses in two separate counts of the Indictment. Thus, it is

ORDERED that the report and recommendation (Docket 107) is adopted in full, and Pond's motion to dismiss the indictment (Docket 89) is denied.

Dated April 1, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE