UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PHILLIP POND,<br><br>　　　　　　Defendant. | 5:24-CR-50009-KES-02<br><br>ORDER REGARDING<br>MOTION FOR TRANSCRIPTS AND<br>DISCOVERY (DOCKET 120). |

　　　Pond submitted a motion "respectfully requesting any/all documents pertaining to aforementioned Records Request specifically: 1) A copy of Grand Jury Transcripts, 2) A copy of Jury Trial Transcripts, 3) a copy of exibits [sic]/ and any/and all other documents related to the case." (Doc. 120). The United States did not respond to Pond's motion.

## DISCUSSION

　　　Courts have broad discretion to resolve motions to compel discovery in criminal cases. United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986). A court's decision regarding a motion to compel discovery is proper if, considering the circumstances, the decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." Id. (internal quotation omitted).

　　　Federal Rule of Criminal Procedure (FRCP) 16(a)(1)(E) requires the Government to "permit the defendant to inspect and to copy or photograph . . . papers, documents . . . or tangible objects . . . if the item is within the

Government's possession, custody, or control and the item is material to preparing the defense."  A defendant who requests documents, believing them to be material to his defense, must "make a prima facie showing of materiality." United States v. Tornquist, 11-50118, 2012 WL 2862864, *3 (D.S.D. July 11, 2012) (citations omitted).  "Evidence is material if it enables a defendant to significantly alter the quantum of proof in his or her favor."  Id.  "Evidence is material under Rule 16 if there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation . . . assisting impeachment or rebuttal."  Id. (citation omitted).

The court possess the authority to regulate discovery under Rule 16(d)(1). "At any time the court may, for good cause. . . grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  FRCP 2 provides that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."

**I. Grand Jury Transcripts**

FRCP 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Grand jury transcripts are "generally not discoverable on pretrial motion."  United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978).  A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). A bare allegation,

"does not satisfy the 'particularized need' requirement." Id. (quoting United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994)).

Pond made a bare allegation that he would like the grand jury transcripts (Doc. 120). Pond supplemented that allegation "moving this court to compel the United States to produce disclosure of Grand Jury Transcripts as they contain essential materials and evidence that is crucial to the preparation of the accused's defense." (Doc. 131, p. 1). Pond further states "there is a grave doubt that the decision to indict was free from influence of such stated violations . . . therefore with prosecutorial misconduct in mind Mr. Pond seeks motion to compel production of grand jury transcripts." Id. at 3. The United States did not respond to Pond's motion.

Aside from bare allegations that "prosecutorial misconduct and false evidence [was] provided to the grand jury," Pond has not made a particularized assertion that a "matter [] occurred before the grand jury[,]" as required by FRCP 6(e)(3)(E)(ii). (Doc. 131 at 2, 4). Pond "asserts that FBI Agent Brian Healy knowingly lied in his sworn affidavit in front of Wollman [sic]." Id. at 4. However, that matter, regardless of the validity, did not occur before the grand jury. Pond also asserts there is a problem with the "government's belief in Savannaa Cross's credibility." Id. Pond does not allege how the government's reliance on Cross is a matter that occurred before the grand jury. Because Pond failed to establish a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, his motion for grand jury transcripts is denied.

Because Pond made no showing of a particularized need for his grand jury transcript, he failed to meet his burden and his request for the grand jury transcripts is denied without prejudice.

## II. Jury Trial Transcripts

Pond requests "A copy of Jury Trial Transcripts." (Doc. 120). There has not been jury trial in this; therefore, this request is denied as moot. The court assumes Pond is requesting a copy of the jury trial transcript in his prior case, 5:21-CR-50028-KES. Pond has not shown that the information requested was material to preparing his defense, as required by FRCP 16(a)(1)(E). Pond fails to show how his prior jury trial transcripts would "play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at *3 (citing Graham, 83 F.3d at 1474). Because Pond failed to "make a prima facie showing of materiality" for his requests for jury trial transcripts is denied without prejudice.

## III. Copy of Exhibits/Documents

### A. Exhibits

Pond's requests a copy of exhibits. (Doc. 20). Requiring the government to provide Pond with a pretrial exhibit list and a copy of those exhibits fifteen days prior to the pretrial conference comports with Rule 2 and Rule 16's policy directives. See United States v. Hamm, 5:16-CR-50173-JLV (Doc. 18), 2017 WL 6734182 (D.S.D. Dec. 30, 2017). Furthermore, granting such a motion is in the interests of justice and is within the court's discretion. Id.; Hintzman,

4

806 F.2d at 846. Pretrial disclosure will permit Pond to adequately sort through discovery and prepare for *both* the pretrial conference and for trial, which will promote judicial efficiency. Therefore, Pond is entitled to pretrial disclosure of his exhibits and the government shall provide them to Pond no later than fifteen days before the pretrial conference.

### B. All Other Documents

Pond's requests for "any/and all other documents related to the case" lacks specificity. (Doc. 20). The court finds that Pond has not shown that the documents requested was material to preparing his defense, as required by FRCP 16(a)(1)(E). Pond fails to show how the documents would "play an important role in uncovering admissible evidence, aiding witness preparation . . . or assisting impeachment or rebuttal." Tornquist, 2012 WL 2862864 at *3 (citing Graham, 83 F.3d at 1474). Because Pond failed to "make a prima facie showing of materiality," his request for other documents related to his case is denied without prejudice.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the

right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 23rd day of April 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge