UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>PHILLIP POND,<br><br>        Defendant. | 5:24-CR-50009-KES-02<br><br>ORDER DENYING MOTION FOR GRAND JURY TRANSCRIPTS (DOCKET 131) |

Pond submitted a motion "moving this court to compel the United States to produce disclosure of Grand Jury Transcripts as they contain essential materials and evidence that is crucial to the preparation of the accused's defense." (Doc. 131, p. 1). Pond further states "there is a grave doubt that the decision to indict was free from influence of such stated violations . . . therefore with prosecutorial misconduct in mind Mr. Pond seeks motion to compel production of grand jury transcripts." Id. at 3. The United States did not respond to Pond's motion.

Federal Rule of Criminal Procedure (FRCP) 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Grand jury transcripts are "generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978). A defendant must make a showing of

1

"particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). A bare allegation, "does not satisfy the 'particularized need' requirement." Id. (quoting United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994)).

Aside from bare allegations that "prosecutorial misconduct and false evidence [was] provided to the grand jury," Pond has not made a particularized assertion that a "matter [] occurred before the grand jury[,]" as required by FRCP 6(e)(3)(E)(ii). (Doc. 131 at 2, 4). Pond "asserts that FBI Agent Brian Healy knowingly lied in his sworn affidavit in front of Wollman [sic]." Id. at 4. However, that matter, regardless of the validity, did not occur before the grand jury. Pond also asserts there is a problem with the "government's belief in Savannaa Cross's credibility." Id. Pond does not allege how the government's reliance on Cross is a matter that occurred before the grand jury. Because Pond failed to establish a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, his motion for grand jury transcripts is denied.

DATED this 23rd day of April 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

2