UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PHIL POND, <br><br> Defendant. | 5:24-CR-50009-KES-2 <br><br> ORDER DENYING MOTION TO SEVER (DOC. 153) |

Phil Pond filed a motion to sever. (Doc. 74). The United States filed a memorandum in opposition to the motion. (Doc. 161). The court has reviewed the merits of the motion and for the reasons stated herein, finds the motion to be without merit.

## FACTUAL BACKGROUND

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984); see also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder").

The two-count Indictment in the above captioned case charges Pond with one count of Conspiracy to Distribute a Controlled Substance in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and one count of Distribution of a Controlled Substance to an Individual under 21 in violation of 21 U.S.C. §§

1

841(a)(l) and 859(a).  (Doc. 1).  Leslie 'Luke' Pond, Logan Cottier, Breohnna Big Crow, Monique Merrival, Dawn Dowty, and Rowdy Sierra are also charged in count-one of the Indictment.  Id.  The indictment states,

> **Count One**-Beginning at a time unknown to the Grand Jury but no later than on or about January 2022, and continuing to on or about the date of this Indictment, in the District of South Dakota and elsewhere, the defendants . . . knowingly and intentionally, combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance[.]
>
> **Count Two**-On or about between September 1, 2023, until October 31, 2023, at Pine Ridge, in the District of South Dakota [] Phil Pond, a person at least eighteen years of age, did knowingly and intentionally distribute a substance containing methamphetamine, a Schedule II controlled substance, to [NAME REDACTED], a person under twenty-one years of age[.]

Id.

## DISCUSSION

### I.  Counts and Defendants are Properly Joined

Here, Pond requests the Court to sever his case from that of his co-defendants and sever his counts from each other.  (Doc. 153).

#### A.  Federal Rule of Criminal Procedure (FRCP) 8(a)

FRCP 8(a) provides an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The Eighth Circuit has held FRCP 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice."  United States v. Taken Alive, 513 F.3d

2

899, 902 (8th Cir. 2008) (internal citations omitted). The rules regarding joinder and severance are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 132 (1968) (internal quotation omitted). "Joinder of offenses is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979).

The court finds that joinder under 8(a) is proper as the offenses are of the same or similar character, namely Pond's possession of methamphetamine with the intent to distribute, as well as actual distribution of the same substances. Further, the counts are a part of a common scheme or plan, namely the distribution of methamphetamine.

    B.    FRCP 8(b)

FRCP 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has held, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).

The court finds that joinder under 8(b) is proper as the seven defendants are alleged to have "participated in the same act or transaction" namely the intentional distribution of methamphetamine, as set out in count one of the indictment. See United States v. Wisecarver, CR. 15-50114-JLV, 2016 WL

3

4203439 (D.S.D. Aug. 9, 2016) (quoting United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)) ("The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true.")).

## II.   Pond Has Not Established Prejudiced Warranting Severance

When joinder is proper under FRCP 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial. Darden, 70 F.3d at 1526. FRCP 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"Prejudice to the defendant must be both 'real' and 'clear'." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted). There is a strong presumption against severing properly joined counts and the defendant carries a heavy burden in establishing prejudice. Id.; United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). This is because the rules regarding joinder and severance "are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " Zafiro v. United States, 506 U.S. 534, 540 (1993) (quoting Bruton, 391 U.S. at 131 n.6). The Eighth Circuit has explained that these rules should be construed liberally in favor of joinder, see United States

4

v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), and has held that "[o]nly in an unusual case ... will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Huggans, 650 F.3d 1210, 1221 (8th Cir. 2011) (quoting United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008)).

This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009). Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002). Moreover, FRCP 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. United States v. Sandstrom, 594 F.3d 634, 644-45 (8th Cir. 2010). The risk of prejudice will vary with the facts in each case, and when the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. Id.

Here, Pond "asserts that co-defendants 90-day continuances directly violate his constitutional right to a Speedy Trial in Violation of 18 USC 3161, 3162 , 3164 and his Right to a Fair Trial by codefendants March 2024 debrief to FBI Agent Brian Healy where she [] ma[de] false statements incriminating

Mr. Pond[.]" (Doc. 153, p. 2). Pond's alleged prejudice deals with joinder of parties, not counts.

Pond's primary protection against the alleged prejudice caused by his co-defendant's continuances is the Speedy Trial Act and speedy trial rights under the Sixth Amendment. See United States v. Williams, 2023 WL 865316 (W.D.M.O. Dec. 14, 2023); United States v. Hernandez-Castro, 2021 WL 5868203 (D.N.E. Dec. 10, 2021). This court has found there was no infringement on Pond's right to a speedy trial. (Doc. 166). The court does not find that Pond established prejudice warranting severance.

Pond argues his "Right to a Fair Trial [is violated] by [his] codefendants March 2024 debrief." (Doc. 153, p. 2). Pond does not identify which co-defendant's alleged statements prejudice him.

The Supreme Court held "the admission of a confession of a co-defendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant." Schneble v. Florida, 405 U.S. 427, 429-30 (1972) (citing Bruton v. United States, 391 U.S. 123, 126 (1968)). Therefore, if Pond's co-defendant does not testify, any statement that directly implicate Pond cannot be used, unless the statement is redacted to eliminate any reference to Pond's existence and if the jury is instructed to consider the out-of-court statement only against the declarant-defendant. See Richardson v. Marsh, 481 U.S. 200, 208 (1987); Bruton, 391 U.S. at 137.

Pond's motion to sever is denied because joinder is appropriate, and he did not meet his burden of establishing proving prejudice that justifies severance under FRCP 14.

### III. Motion for a Hearing

The court also denies Pond's motion for a hearing. (Doc. 153). "The baseline rule is that a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Schwarting, 14-CR-50100-JLV (D.S.D. 2018) (Doc. 293) (citing United States v. Connolly, 504 F.3d 206, 219 (1st Cir. 2007)). "An evidentiary hearing on a motion need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of fact exist." Id. (internal quotation omitted). Here, Pond did not meet his burden of showing that a hearing was necessary; thus, his request for a hearing is denied.

## CONCLUSION

It is hereby ORDERED that Pond's motion to sever (Doc. 153) is denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the

right to appeal questions of fact.  FED. R. CRIM. P. 59(a).  Objections must be timely and specific in order to require review by the district court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED this 24th day of April, 2024.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge