UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>PHILLIP POND,<br><br>    Defendant. | 5:24-CR-50009-KES-02<br><br>REPORT AND RECOMMENDATION |

Pond submitted a *pro se* motion titled "motion challenging sworn statements/probable cause affidavit pursuant "Franks v. Deleware [sic]." (Doc. 154). The United States filed a sealed response in opposition to the motion. (Doc. 169). The court has reviewed the motion and for the reasons stated herein, finds the motion to be without merit. It is respectfully recommended that Pond's motion be denied.

### DISCUSSION

In Pond's motion, he challenges the search warrant and the grand jury's indictment. (Doc. 154, p. 4).

**A. Challenge to Search Warrant**

Pond challenges the search warrant pursuant to Franks v. Delaware, 438 U.S. at 155-56 (1978). (Doc. 154, p. 1 (citing Franks v. Delaware, 438 U.S. 154 (1978))). Pond states "Special Agent (F.B.I) Brain Healy submit[ted] (under oath) a probable cause affidavit 'Request for Search Warrant' providing sworn

1

testimony before the Honorable Magistrate Judge Daneta Wollmann [sic] (specifying 18 U.S.C. 2241 Aggravated Sexual Abuse)." Id. at 2.

The United States asserts "[a]s evidenced by the information in the forensic interview and SA Healy's summary in the affidavit, the information contained in the affidavit did not intentionally, recklessly or in any way mislead the court in order to secure the warrant." (Doc. 169, p. 5). The United States argues that "SA Healy relied upon this information as truthful and did not lie or omit facts from the affidavit in order to secure the warrant." Id.

As a preliminary matter, a defendant is only entitled to a Franks hearing if he makes a substantial showing that an affiant to a search warrant application knowingly or intentionally, or with reckless disregard for the truth, made false statements or omitted material facts and that the alleged statements were necessary to a finding of probable cause. Franks v. Delaware, 438 U.S. at 155-56 (1978). As the Franks Court explained:

> To mandate an evidentiary hearing [as to the veracity of statements in the affidavit in support of the search warrant], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Id. at 171. Even if falsehoods are demonstrated, if-setting aside those falsehoods- there is still probable cause to support the issuance of the warrant, no hearing is to be held. Id. at 171-72.

To receive a Franks hearing, Pond must make a "substantial preliminary showing that the warrant's issuing judge relied on statements in an affidavit that were false or were omissions made knowingly and intentionally or with reckless disregard for the truth." United States v. Mayweather, 993 F.3d 1035, 1043 (8th Cir. 2021). Such a showing "requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015). If the defendant cannot show that probable cause remains lacking even with the supplemental information, then the warrant stands and fruits of the search will not be suppressed. See United States v. Falls, 34 F.3d 674, 681 (8th Cir. 1994).

For a Defendant to satisfy this substantial burden, deliberate falsity or reckless disregard must be shown. Franks, 438 U.S. at 155-56, 171-72. "To show reckless disregard for the truth, we do not look simply at whether a statement included in the affidavit was true; rather, we ask whether, when looking at all the evidence available to the officer, the officer must have entertained serious doubts as to the truth of his [or her] statements or had obvious reasons to doubt the accuracy of the information he [or she] reported." United States v. Neal, 528 F.3d 1069, 1072 (8th Cir. 2008) (internal citation omitted). The defendant "must . . . show that the alleged [] omission was necessary to the finding of probable cause." United States v. Engler, 521 F.3d 965, 969 (8th Cir. 2008) (quotation omitted).

Pond's argument that SA Healy made statements intentionally, knowingly, or with reckless disregard for the truth or omitted material facts is

without merit.  Although not entirely clear, it appears that Pond is arguing that it was improper for SA Healy to include allegations made by a source of information that Pond sexually assaulted her.  Presumably, Pond asserts that it is the government's belief that the source of information is not credible, since Pond has yet to be indicted for the sexual assault.

First, Pond's assumption that the government believes its source of information is not credible fails to meet his burden.  The Supreme Court and Eighth Circuit precedent has been clear: a mere allegation without proof is not enough to satisfy the Defendant's substantial burden; for a Defendant to satisfy this substantial burden, deliberate falsity or reckless disregard must be shown.  <u>Mayweather</u>, 993 F.3d at 1043;  <u>Franks</u>, 438 U.S. at 155-56, 171-72.  The absence of an indictment against Pond on a sexual assault charge does mandate a conclusion that the witness was not credible.  The government has set forth various legitimate reasons for not asking the grand jury to indict Pond on charges of sexual assault at this time.  (Doc. 169, p. 5).

Second, even assuming *arguendo* that the source of information was not credible, the affidavit contained sufficient information obtained from numerous other sources of information establishing probable cause for the search.  As discussed above, even if falsehoods are set aside, and there is still probable cause to support the issuance of the warrant; no hearing is needed. <u>Franks,</u> at 171-72.

The court finds that Pond is not entitled to a <u>Franks</u> hearing because he has not made a substantial showing that Agent Healy knowingly or with

4

reckless disregard made false statements or omitted material facts. Pond also failed to establish that the affidavit lacked probable cause if statements made by the source of information that he complains of are disregarded.

### B. Challenge to Grand Jury

Pond argues that on January 18, 2024, "Special Agent F.B.I. Brian Healy provide[d] sworn testimony before a Grand Jury in furtherance of the ongoing drug investigation which he is heading by providing claims that the defendant distributed methamphetamine to [S.C.] yet undeniably OMITS Aggravated Sexual Abuse of A Minor[.]" (Doc. 154, p. 2). Pond asserts that this omission is "shocking," "reckless" and done in "bad faith" or "both." Id. at 3.

The United States argues that "because the Grand Jury was not asked to indict on charges of aggravated sexual abuse of a minor, it does not mean that SA Healy and the undersigned are engaged in 'corrupt and unlawful tactics.'" (Doc. 169, p. 5).

As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors actually prejudiced the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. McKie, 831 F.2d 819, 821 (8th Cir. 1987). Actual prejudice results if any violations had an effect on the grand jury's decision to indict. Bank of Nova Scotia, 487 U.S. at 263. However, dismissal is inappropriate if sufficient accurate information supports the decision to indict. United States v. Levine, 700 F.2d 1176, 1180 (8th Cir. 1983). Furthermore, even when a grand jury witness delivers perjured testimony, the false statements must be

5

material to the offense charged for dismissal to be appropriate. United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999); Levine, 700 F.2d at 1180. "As long as there is some competent evidence to sustain the charge issued by the Grand Jury, an indictment should not be dismissed." Levine, 700 F.2d at 1180 (quoting Truchinksi v. United States, 393 F.2d 627, 633 (8th Cir. 1968)).

"Challenges to the work of a grand jury and its decision to issue an Indictment are disfavored and defendants raising such arguments have an uphill climb to success." United States of America v. Broussard, 2021 WL 4888887 (D.M.N. July 13, 2021). "[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." United States v. Fenner, 600 F.3d 1014, 1021 (8th Cir. 2010) (quoting United States v. Hintzman, 806 F.2d 840, 843 (8th Cir. 1986)). Not only must a defendant challenging grand jury proceedings make a robust showing in order to get relief, but dismissal is an extreme remedy and inappropriate absent a showing of actual prejudice to a defendant. Id. at p. 1021 (quoting United States v. Wilson, 565 F.3d 1059, 1069–70 (8th Cir. 1986)).

Pond fails to establish how omitting information regarding a separate possible crime of sexual assault prejudiced him or was material to the drug offenses he was indicted for. Not only has Pond failed to show that misconduct before the grand jury occurred but he also failed to show that any such misconduct caused him any actual prejudice.

Pond may challenge the credibility of the informant or present any exculpatory evidence to the jury at a trial; if he is correct that such evidence prevents the government from being able to prove guilt beyond a reasonable doubt, he will be acquitted. But the government's decision not to present such evidence to the grand jury at the inception of the case does not require dismissal. Therefore, Pond's motion should be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 1st day of April 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge