UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PHILLIP POND,<br><br>　　　　　　　Defendant. | 5:24-CR-50009-KES-02<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ACCESS TO DISCOVERY |

Defendant Phillip Pond, appearing *pro se*, filed a letter which, in part, requests that he be brought by the Marshals to the federal building to view and inspect discovery. Pond complains that communication with standby counsel has diminished.

Pond previously requested that he be allowed to appear *pro se* and the court appointed CJA panel attorney Aidan Goetzinger as standby counsel. Appointment of standby counsel is within the discretion of the district court. United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996).

### A. Jail Policies and District Court's Local Rules

The Pennington County Jail does not allow pretrial detainees to obtain copies of their discovery. PCJ policy states the following:

> Inmates have access to legal materials to facilitate the preparation of documents if there is not adequate free legal assistance to help them with criminal, civil, and administrative legal matters.

1

> The Jail will make provisions for inmates who are not represented by an attorney to obtain copies of legal documents necessary to Case obtain access to the courts in actions appealing an inmate's sentence or presenting a constitutional challenge to the conditions of an inmate's confinement. [L]egal documents are limited to those documents required for writs of habeas corpus, complaints testing conditions of confinement, or direct appeals from an inmate's sentence or conviction.

PCJ 340.04, *available at* https://docs.pennco.org/docs/SO/Jail/SecurityRestrictedPoliciesx.pdf (last accessed May 6, 2024). Therefore, while current jail policy allows pretrial detainees to review their discovery in a designated room with their attorney, detainees are prohibited from retaining copies of their discovery. *Pro se* defendants with standby counsel may access their discovery through their standby attorney.

The District Court's Local Rules 16.01 provides in relevant part:

> The discovery order restricts dissemination of discovery materials and precludes defense counsel from giving discovery materials to the defendant without the court's express permission.

L.R. 16.1(A).

Text Orders 38 entered in Pond's case provides in relevant part:

> Defense counsel shall otherwise keep the items furnished in the possession of defense counsel, and the materials shall not be given to the Defendant or anyone else without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, or a defense expert.

(Docs. 38).

Therefore, under the Local Rules and text order, defendants are prohibited from possessing their discovery materials and must view the

materials in the presence of defense counsel, the defense investigator, or a defense expert.

"[S]imply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (quotations omitted).

"[T]he Eighth Circuit has repeatedly held that any right of access to legal resources and materials asserted by a pretrial detainee, if such right exists, is wholly satisfied by assistance from standby counsel or similar source provided by the detainee's presiding court." Stanko v. Patton, 2007 WL 1309701, at *2 (D. Neb. Mar. 28, 2007) (citing United States v. West, 557 F.2d 151, 152-53 (8th Cir. 1977); Knox, 950 F.2d 506, 520 (8th Cir. 1991)). The Eighth Circuit has further stated its "serious doubts whether a pretrial detainee who exercises his constitutional right to represent himself at trial thereby becomes entitled to legal resources over and above what are provided to the general inmate population." Kind, 194 F.3d at 905 (citation omitted).

### B. The Authorization of an Investigator

"Investigative, expert, or other services necessary to adequate representation . . . are available to persons who are eligible under the CJA[.]"[1]

---

[1] Guide to Judiciary Policy, Vol. 7 Defender Services, Chapter 3: Authorization and Payment for Investigative, Expert, or Other Services § 310.10.30(a), *available at* https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-3-ss-310-general (visited July 2024).

3

"Persons who are eligible for representation under the CJA, but who have elected to proceed *pro se*, may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e)." Id. 18 U.S.C. § 3006A(a) of the CJA contemplates that a defendant may obtain "investigative, expert, and other services necessary for adequate representation." Section 3006A(e) states:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application. Upon finding, after appropriate inquiry in an *ex parte* proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

The court previously found Pond eligible for representation under the CJA. The court also previously found that investigative services were necessary and on May 4, 2024, received approval from the Chief Judge of the Eighth Circuit Court of Appeals for $9,000 for investigator Shannon Riter-Osborn to assist Pond with the review of his discovery materials and to interview witnesses.

The court grants in part and denies in part Pond's motion for access to his discovery. The court directs either Mr. Goetzinger or Ms. Osborn to provide Pond with access to discovery materials, including audio recordings, consistent with jail polices. The court further directs Mr. Goetzinger to maintain a log documenting time periods when discovery has been made available to Pond through either Mr. Goetzinger or Ms. Osborn. The court denies Pond's request that he be transported by the Marshals service to the federal building to view his discovery.

DATED this 2nd day of July, 2024.

                                BY THE COURT:

                                _____
                                DANETA WOLLMANN
                                United States Magistrate Judge