UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHIL POND,<br><br>Defendant. | 5:24-CR-50009-KES-2<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY |

Defendant, Phil Pond, appearing *pro se*, filed a letter that this court construes as a motion to disqualify the undersigned judge. Docket 227. For the reasons discussed below, Pond's motion to disqualify is denied.

## PROCEDURAL BACKGROUND

On March 17, 2021, Pond filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Pond v. Mosteller*, 5:21-CV-05016-KES (D.S.D.), Docket 1. At the time he filed his petition, Pond was a federal pretrial detainee. *Id.* at 1. In his § 2241 petition, Pond requested that the court dismiss the indictment in a pending criminal matter, *United States v. Phillip Pond*, 5:21-CR-50028 (D.S.D.). 5:21-CV-05016-KES, Docket 1 at 7. Pond alleged four grounds to support his § 2241 petition: (1) that the grand jury relied on hearsay statements to indict him; (2) that the arrest warrant was issued without probable cause; (3) that the prosecutors engaged in selective and vindictive

prosecution; and (4) that his court-appointed counsel refused to file certain motions. *Id.* at 6–7. The court screened Pond's § 2241 petition. *Id.* at Docket 12. The court dismissed Pond's § 2241 petition without prejudice because his claims were entangled with issues in his pending criminal proceeding. *Id.* at 2–3. The court entered judgment without prejudice in favor of respondents and against Pond. *Id.* at Docket 13.

After a jury found Pond not guilty on all pending charges, the court entered a judgment of acquittal. 5:21-CR-50028-KES, Dockets 103, 111. On April 16, 2024, almost three years after the court dismissed Pond's § 2241 petition without prejudice, Ponds filed a motion for reconsideration of the dismissal on the grounds that the not guilty verdict in 5:21-CR-50028-KES validates several, if not all, of the claims he raised in his § 2241 petition. 5:21-CV-05016-KES, Docket 18 at 1–2. Ponds also filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the May 10, 2021, judgment dismissing his § 2241 petition without prejudice. *Id.* at Docket 19. After reviewing this court's original file, the Eighth Circuit dismissed Pond's appeal as untimely. *Id.* at Docket 22. Subsequently, the Eighth Circuit also denied Pond's petition for rehearing by the panel. *Id.* at Docket 24. This court entered a text order denying Pond's motion for reconsideration, and the Clerk of Court mailed to Pond a hard copy of the court's text order. *Id.* at Docket 23. After Pond received a copy of the order denying his motion for reconsideration, he sent the court a letter alleging a civil conspiracy and questioning whether

the undersigned is disqualified from presiding over his upcoming criminal trial.
Docket 227.

## DISCUSSION

### A.    Legal Standard

Under 28 U.S.C. § 455(a), a judge must recuse from any proceeding if the
judge's "impartiality might reasonably be questioned." This standard is
objective and questions " ' whether the judge's impartiality might reasonably be
questioned by the average person on the street who knows all the relevant facts
of a case.' " *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (quoting
*Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002)). A party filing a motion for
recusal "carries a heavy burden of proof; a judge is presumed to be impartial
and the party seeking disqualification bears the substantial burden of proving
otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)
(internal quotation omitted). A judge should also recuse if the judge "has a
personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1).

### B.    Analysis

Although the undersigned dismissed without prejudice Pond's § 2241
petition and denied his motion for reconsideration, an adverse ruling, in and of
itself, is an insufficient basis for recusal. As the Supreme Court of the United
States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a
> bias or partiality motion.  In and of themselves (*i.e.*, apart from
> surrounding comments or accompanying opinion), they cannot
> possibly show reliance upon an extrajudicial source; and can only
> in the rarest circumstances evidence the degree of favoritism or
> antagonism required . . . when no extrajudicial source is involved.

Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal).

According to Pond's letter, because the defendants were not served in the § 2241 proceeding, "the Eighth Circuit Court of Appeals in Their Supervisory Authority decided to move as a disciplinary action as a result of [the undersigned's] failure to serve the defendants." 5:24-CR-50009, Docket 227 at 2–3. Pond's assertion misinterprets and perhaps even misrepresents the Eighth Circuit record. After the District Court Clerk of Court transmitted Pond's notice of appeal to the Eighth Circuit, the Eighth Circuit Clerk of Court sent Pond a letter informing him that the appeal pleading had been docketed and provided the assigned case number. *Pond v. Mosteller*, 24-1972 (8th Cir. May 8, 2024). The letter also states that "[w]e note that the matter was not served by the district court on any other party. Accordingly, you are notified that you are the only party to this appeal." *Id.* The docketing letter does not mention disciplinary action or otherwise indicate that the undersigned was required to serve the respondents. *Id.* Further, Pond's notice of appeal was dismissed as untimely, which is wholly unrelated to whether the respondents were served or whether Pond was the only party to the appeal. 5:21-CV-05016, Docket 22. Similarly, whether the respondents were served does not strongly suggest that judgment in favor of the respondents executed by the undersigned is a

712 PageID #: 712

"Fabricated Federal Document", and Pond cites no authority to support this unfounded allegation.

Because the notice Pond received informing him that the undersigned had denied his motion for reconsideration states "WARNING CASE CLOSED ON 05/10/2021[,]" Pond asserts that the undersigned was not informed that the appeal process had moved forward. Again, Pond is incorrect. Not only was the undersigned aware that Pond had filed a notice of appeal, 5:21-CV-05016-KES, Docket 19, the undersigned was also aware that the appeal had been dismissed on May 13, 2024, *id.* at Docket 22, more than a month before the undersigned denied Pond's motion for reconsideration. *Id.* at Docket 23.

### C.   Conclusion

After reviewing Pond's June 25, 2024, letter (Docket 227), as well the docket entries in *Pond v. Mosteller*, 24-1972 (8th Cir.), there is no basis for the undersigned to recuse herself. Pond alleges a "civil conspiracy" but none of the alleged co-conspirators he accuses of violating his constitutional rights in his recent letter were named as respondents in his § 2241 petition. *Compare* Docket 227 *with* 5:21-CV-05016, Docket 1.

Thus, it is ORDERED that Pond's motion to disqualify (Docket 227) is denied.

Dated July 2, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

5