UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PHIL POND,<br><br>Defendant. | 5:24-CR-50009-02-CCT<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Phil Pond, filed a letter with the Court in which he asks if he is "eligible for a sentence reduction under 18 USC § 3582(c)(1)(A)." Docket 535 at 1. This Court construes this letter as a pro se motion for compassionate release. The Federal Public Defender filed a notice of intent not to file supplemental briefing on Pond's behalf. Plaintiff, the United States of America, opposes the motion. Docket 537. For the following reasons, Pond's motion for compassionate release is denied.

**DISCUSSION**

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on

his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (first alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release" but, rather, is "a claim processing rule that may be waived or forfeited by the government").

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The United States contends that "Pond did not submit a request for compassionate release to the warden of his facility." Docket 537 at 3. It further argues that Pond "offers no explanation" for his failure to exhaust this remedy, and it contends that is "unaware of any condition excusing this failure." *Id.* The United States requests that the Court dismiss Pond's motion because he has failed to exhaust his administrative remedies. *Id.*

Pond presents no evidence in the document provided to the Court that he has exhausted his administrative remedies. *See* Docket 535. He also does not provide the Court any explanation for this failure. *Id.* The Court's view of the documents provided by the BOP do not indicate that Pond submitted any request for compassionate release to the warden of his facility. *See* Docket 536.

Because Pond failed to exhaust all administrative remedies for the current motion, and the United States raised this issue, the Court must dismiss Pond's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

**CONCLUSION**

Pond failed to exhaust his administrative remedies. Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 535) is denied without prejudice.

Dated November 24, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE